Harold M. Willcox, Boston, Mass., for plaintiffs.

Robert W. Meserve, Boston, Mass., for defendant.

---

**Frederick B. TAYLOR, Kenneth W. Bergen, Christopher Hurd, and Howard F. Taylor, Plaintiffs,**

**v.**

**John B. JANIGAN, Defendant.**

**Civ. A. No. 58–1056.**

United States District Court
D. Massachusetts.

June 19, 1964.

CAFFREY, District Judge.

This matter came before the Court on the issue of damages. The underlying facts on the basis of which it has been found that plaintiffs have proved a cause of action against defendant are reported at 212 F.Supp. 794 and will not be repeated herein.

Prior to the hearing on damages counsel for the parties filed briefs as to which theory of damages should be applied in this case, premised as it is upon a violation of S.E.C. Rule 10b–5. Defendant urges that the plaintiffs are limited to a suit for money damages where the standard to be applied is the difference between the price which he paid plaintiffs for their stock in Boston Electro Steel Casting, Inc. (Besco) and the actual value thereof on the day of sale. Plaintiffs on the other hand seek and urge that they are entitled to an accounting remedy, that is, that defendant must account to them for all profits he received when he later resold the shares of Besco which he fraudulently induced plaintiffs to sell to him.

There is no merit in defendant's oft-repeated contention that the accounting remedy necessarily involves the Court's dealing with the conjectural proposition what would plaintiffs have done had the undisclosed facts been known to them. On the contrary, I rule that because Janigan's fraud was successfully perpetrated on the plaintiffs and because he achieved his desired purpose of terminating their ownership of Besco stock by February of 1956, he cannot now be heard to say that plaintiffs are to be penalized because they are unable to show what course they would have followed with reference to the stock at a time after they had parted with ownership of it as a result of his successful perpetration of a deliberate fraud on them.

Within the past fortnight, in J. I. Case Company et al. v. Borak, 84 S.Ct. 1555, 12 L.Ed.2d 423, an action founded on Section 14 of the Securities Exchange Act, (a section not dissimilar to that on which the instant action is premised), the Supreme Court pointed out that

> "it is the duty of the courts to be alert to provide such remedies as are necessary to make effective the congressional purpose.   *   *   *  It is for the federal courts 'to adjust their remedies so as to grant the necessary relief' where federally secured rights are invaded.  'And it is also well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use *any available remedy* to make good the wrong done.' " (p. 1560.) (Emphasis added.)

■ I rule that in this case, involving as it does intentional fraud on the part of the defendant, consisting of direct and wilful violation of his federally created fiduciary obligation to the plaintiffs, the proper remedy to be applied is the accounting theory of damages. This view is supported by a number of well-reasoned and authoritative decisions, including Speed v. Transamerica Corp., 135 F.Supp. 176, 190 (D.Del.1955); Amen v. Black, 234 F.2d 12, 21 (10 Cir. 1956); and Old Dominion Copper Mining & Smelting Co. v. Bigelow, 188 Mass. 315, 320, 74 N.E. 653 (1905), and by Restatement Torts, Sec. 927, comment f, i; Restatement Restitution, Sec. 166, 202, comment j; Scott on Trusts, secs. 462.2, 495, 507, 508.1; Prosser on Torts, (2d Ed. 1955), Sec. 82.

Upon the evidence submitted at the hearing on damages, I find that the defendant Janigan paid the plaintiffs the sum of $38,620 for 1,936 shares of Besco common stock in January and February 1956, and that he sold all of the common and preferred stock of Besco to Westland Enterprises for $700,000 in 1958, for a gross profit of $661,380. Against this gross profit he is entitled to be credited with a finder's fee of $35,000 which he paid to Jordan & Company, a $5,000 credit for a portion of an escrow fund which was not returned to him as a result of litigation in the State courts, and a credit of $10,725 representing the value of 715 shares of $15.00 par value preferred stock of Besco, which was callable at $15.00 and was part of the consideration for the $700,000 paid to him by Westland Enterprises. These credits ($50,725) leave a profit to Janigan on the purchase and sale of the common stock alone of $610,655. Against that he is entitled to further credits of $12,000 for an additional bonus he paid, $5,000 for counsel fees connected with his sale of stock, and counsel fees in the amount of $30,000 for various litigations connected with this matter. These additional credits reduce his profit on this transaction to $563,655.

■ A further exclusion to Janigan's profit must be made on account of those common shares (8.8%) owned by persons who are not parties-plaintiff in this case. This sum amounts to $49,601, leaving a balance of $514,054 which I find is the amount for which defendant must account to the plaintiffs. I find no merit in defendant's claims for credits for State and Federal taxes, for a

purely speculative claim to a bonus, and for any amount in excess of $15.00 per share on account of preferred stock.

Judgment for plaintiffs in the amount of $514,054, with interest and costs.